IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TIMOTHY M. FARRIS                                                    PLAINTIFF

V.                                        CIVIL ACTION NO. 2:15-CV-25-KS-JCG

DR. BRENT BEVARD                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Timothy Farris's Motion to Remand [3]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds that the motion should be denied.

## I. Background

On or about January 27, 2015, Timothy Farris ("Farris") and Defendant Dr. Brent Bevard ("Bevard")[1] entered into a contract for the sale of certain residential property (the "Subject Property") owned by Farris and located in Forrest County, Mississippi. (*See* Contract [3-1].) The closing date was set for February 17, 2015. Prior to that date, disputes between Farris and Bevard arose regarding the repair or replacement of a pool heater at the Subject Property. The parties did not work out their disputes and Bevard chose not to follow through with the purchase of the Subject Property. Farris subsequently filed suit against Bevard in the Chancery Court of Forrest County, Mississippi. (*See* Compl. [1-2 at ECF p. 3]; Am. Compl. [1-2 at ECF p. 21].) Farris seeks specific performance of the contract for the sale of the Subject Property or, in the alternative, damages for Bevard's alleged breach of

---

[1] Some of the pleadings list the Defendant's last name as "Brevard," while other filings identify the Defendant as "Bevard." The Court will refer to the Defendant as "Bevard" since that is the spelling utilized in the sworn Affidavit of Dr. Brent Bevard [13-1].

contract.  Farris also seeks punitive damages and alleges intentional infliction of emotional distress, tortuous interference with contract, and slander of title.

On March 9, 2015, Bevard removed the case to this Court on the basis of diversity of citizenship subject matter jurisdiction under Title 28 U.S.C. § 1332. (*See* Notice of Removal [1].)  On March 30, 2015, Farris filed his Motion to Remand [3].  Farris contends that the requirements for an exercise of diversity jurisdiction are not met in this case.

## II. Discussion

### A.  General Removal Standards

"[F]ederal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). This Court has removal jurisdiction in any case where it has original jurisdiction. *See* 28 U.S.C. § 1441(a).  Under § 1332, the Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . [c]itizens of different States . . . ." 28 U.S.C. § 1332(a)(1).  The parties must be completely diverse, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir.

1996).[2]  Furthermore, "[i]f diversity is established . . . , it will not be destroyed by subsequent changes in the citizenship of the extant parties."  *Coury*, 85 F.3d at 249.  "The removing party bears the burden of establishing that federal jurisdiction exists."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)).  Since federal courts are of limited jurisdiction and removal raises significant federalism concerns, the "removal statutes are to be construed strictly against removal and for remand."  *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citations omitted).

**B.**  Amount in Controversy

Farris argues that § 1332(a)'s amount in controversy requirement is not met in this action.  The Court disagrees.  "Courts look to the value of the property involved to determine the jurisdictional amount in suits for specific performance of a contract to convey realty."  *Comprehensive Addiction Programs v. Mendoza*, 50 F. Supp. 2d 581, 583 (E.D. La. 1999) (citing *Waller v. Professional Ins. Corp.*, 296 F.2d 545 (5th Cir. 1961)).[3]  Here, the agreed upon price for the sale of the Subject

---

[2] *See also Campbell v. Stone Ins. Inc.*, 509 F.3d 665, 668 n.2 (5th Cir. 2007) (finding that in determining whether it has original jurisdiction, the Court "consider[s] the claims in the state court petition as they existed at the time of removal").

[3] *See also Nationstar Mortg. LLC v. Knox*, 351 Fed. App'x. 844, 848 (5th Cir. 2009) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Ebensberger v. Sinclair Refining Co.*, 165 F.2d 803 (5th Cir. 1948) (holding "the amount in controversy in this case was not the damages which appellee might suffer if its suit for specific performance were denied[,] [i]t was the value of the property sought to be acquired by the suit"); *Allen v. Dovenmuehle Mortg., Inc.*, No. 3:13-CV-4710, 2014 WL 3579812, at *4 (N.D. Tex. July 21, 2014) ("When specific performance of a contract is sought, the amount in controversy for diversity purposes is the value of the contract.").

Property is $435,000.00, [4] a figure well above the jurisdictional minimum. Farris's unsupported argument that the purchase price of the home should not be considered in valuing his request for specific performance is not well taken.

Farris's alternative request for compensatory and punitive damages also supports the existence of diversity jurisdiction. "[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Sun Life Assur. Co. v. Fairley*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007) (citing *Brasell v. Unumprovident Corp.*, 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001)).[5] Accordingly, the amount in controversy requirement is met considering either Farris's equitable or legal requests for relief.

C. Diversity of Citizenship

The state citizenship of an individual for purposes of diversity jurisdiction is usually determined by his or her domicile. *Coury*, 85 F.3d at 249 (citations omitted). "A person acquires a 'domicile of origin' at birth, and this domicile is presumed to continue absent sufficient evidence of change." *Acridge v. Evangelical Lutheran Good Samaritan Society*, 334 F.3d 444, 448 (5th Cir. 2003) (quoting *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). The terms "domicile" and "residence" are not synonymous. *See Combee v. Shell Oil Co.*, 615 F.2d 698, 700 (5th Cir. 1980) (citing *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). "Evidence

---

[4] (*See* Contract [3-1] at § 3.)

[5] *See also Cartwright v. State Farm Mut. Auto. Ins. Co.*, No. 4:14cv57, 2014 WL 6959045, at *4 (N.D. Miss. Dec. 8, 2014) (citing *Walker v. Scales*, No. 1:13cv227, 2014 WL 670216, at *3 (N.D. Miss. Feb. 20, 2014)).

of a person's place of residence, however, is prima facie proof of his domicile." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (citations omitted).

"A person's domicile persists until a new one is acquired or it is clearly abandoned." *Coury*, 85 F.3d at 250 (citations omitted). The presumption in favor of continuing domicile can be overcome by evidence of an individual's residence in a new state and his or her intention to remain in the new state indefinitely. *Acridge*, 334 F.3d at 448. The mere presence of an individual in a new locale, without any showing of the requisite intent, is insufficient to establish a change in domicile. *Id.*; *see also Welsh v. Am. Sur. Co. of New York*, 186 F.2d 16, 17 (5th Cir. 1951) ("Mere absence from a fixed home, however long continued, cannot work the change."). Courts have utilized several factors in determining whether an individual has changed his domicile, including "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Acridge*, 334 F.3d at 448 (quoting *Coury*, 85 F.3d at 251). All factors are weighed equally with no single factor being determinative. *Id.*

Bevard argues that he was a citizen of New Mexico when this action was filed on February 18, 2015. Furthermore, while Bevard "may have been preparing to move to Mississippi, it was not until the end of March 2015 that . . . [he] physically relocated to Mississippi with the intent to remain." (Def.'s Resp. in Opp. to Mot. to Remand [13] at p. 2.) Bevard has submitted his own affidavit in support of these

positions. (*See* Bevard Aff. [13-1].) The affidavit states in pertinent part: (I) On February 18, 2015, Bevard and his family were living in New Mexico and making arrangements to move to Hattiesburg, Mississippi; (ii) on March 24, 2015, Bevard and his family moved from New Mexico to Hattiesburg; (iii) Bevard and his family lived in New Mexico for seven (7) years prior to moving to Mississippi; and (iv) Bevard still owns a home in New Mexico. (*See* Bevard Aff. [13-1] at ¶¶ 3-6.) The Court is authorized to look beyond the pleadings and consider this testimony in making its "jurisdictional assessment" regarding "the citizenship of the parties." *Coury*, 85 F.3d at 249 (citations omitted).

Farris argues that diversity of citizenship between the parties is lacking because the objective facts show that Bevard was domiciled in Mississippi when this action was filed. Farris focuses on the following facts in support of remand: (I) Bevard entered into an employment contract with Hattiesburg Clinic, P.A. (the "Clinic") and was to start work at the Clinic on April 6, 2015;[6] (ii) Bevard joined the Hattiesburg Country Club on January 16, 2015;[7] (iii) Bevard purchased property in Hattiesburg on February 12, 2015;[8] and (iv) the Clinic sent mail to Bevard at a Hattiesburg address. (*See* Doc. No. [18-2].) Farris also contends that Bevard's affidavit is vague and unclear as to his location at the time suit was filed.

The Court finds that Bevard's affidavit unambiguously shows that he lived in New Mexico until March 24, 2015, when he and his family moved to Hattiesburg,

---

[6] (*See* Wester Aff. [3-1 at ECF p. 10].) Myra Wester is Farris's legal assistant. Farris is an attorney.

[7] (*See* Doc. No. [3-1 at ECF p. 12].)

[8] (*See* Doc. No. [18-1].)

Mississippi.  Although Bevard may have been making arrangements to move to Mississippi prior to that date, more is required to evidence a change in domicile. "[A] person who has the clear intent to change domicile does not accomplish the change until he is physically present in the new location with that intent." *Coury*, 85 F.3d at 250; *see also Acridge*, 334 F.3d at 448 (providing that "both (1) residence in a new state, *and* (2) an intention to remain in that state indefinitely" must be shown to overcome the presumption in favor of continuing domicile) (emphasis added).

Furthermore, the facts urged by Farris fail to establish Bevard's change in domicile to Mississippi as of February 18, 2015 (when this action was filed in state court) or March 9, 2015 (the date of removal to federal court).  That Bevard was to start working in Hattiesburg in April is irrelevant to the jurisdictional analysis.  A change in citizenship subsequent to removal will not defeat federal jurisdiction.  *See Coury*, 85 F.3d at 249.  Farris's focus on certain mail being sent to Bevard at a Hattiesburg address is similarly deficient.  Farris fails to indicate if this mail was forwarded before or after the action was removed to federal court. Bevard's apparent purchase of property in Mississippi in February is essentially negated or balanced out by his continued ownership of "a home in New Mexico."  (Bevard Aff. [13-1] at ¶ 6.)   Also, the single factor of Bevard becoming a member of the Hattiesburg Country Club in January falls short of evidencing his residence in Mississippi *and* "the absence of any intention to go elsewhere."  *Coury*, 85 F.3d at 250.

In sum, there is insufficient evidence before the Court for a ruling that Bevard became a Mississippi domiciliary or clearly abandoned his domicile in New Mexico at any time pertinent to the issue of jurisdiction. *See Brown v. Mut. of N.Y. Life Ins. Co.*, 213 F. Supp. 2d 667, 669-72 (S.D. Miss. 2002) (finding no abandonment or change in domicile).  Diversity of citizenship between Farris and Bevard exists as a result.

## III. Conclusion

The Court finds that the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are met in this case.

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Motion to Remand [3] is denied.  Counsel for the parties are directed to contact the chambers of the United States Magistrate Judge John C. Gargiulo within seven (7) days of the entry of this Order to schedule a case management conference.

SO ORDERED AND ADJUDGED this the 24th day of June, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE