**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**TIMOTHY M. FARRIS**                                                        **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 2:15-CV-25-KS-JCG**

**DR. BRENT BEVARD**                                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Brent Bevard's Motion for Reconsideration [78]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

## I.  BACKGROUND

This action centers around a Contract for Sale and Purchase of Real Estate (the "Contract"), in which Defendant Brent Bevard ("Defendant") entered to buy a house located at 76 Classic Drive, Hattiesburg, Mississippi (the "House"), owned by Plaintiff Timothy M. Farris ("Plaintiff"). In its Order [76] on June 10, 2016, the Court denied Defendant's Motion for Summary Judgment [54] and granted in part and denied in part Plaintiff's Motion for Summary Judgment [56]. Defendant now moves for the Court to reconsider its previous rulings.

## II.  DISCUSSION

"A motion asking the court to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule 59(e) . . . [when] filed within twenty-eight days after the entry of judgment . . . ." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Defendants's Motion for Reconsideration [78] was filed within this twenty-eight day period.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004).  There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice."  *Williamson Pounders Architects, P.C. v. Tunica Cnty., Miss.*, 681 F.Supp.2d 766, 767 (N.D. Miss. 2008).  Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party."  *Nationalist Movement v. Town of Jena*, 321 F.App'x 359, 364 (5th Cir. 2009).  Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly."  *Id*.  Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court.  *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

All of the arguments advanced by Defendant are arguments that either were brought or should have been brought before the Court in the previous motions. The Court assumes, then, that Defendant is arguing that a clear error of law has been made, as no intervening change in the law or newly discovered evidence has been put forward.  *See Williamson Pounders*, 681 F. Supp. 2d at 767.

The Court will not consider arguments it has already ruled on or arguments that Defendant failed to bring in his previous motion.  The Court will, however, discuss Defendant's arguments under Mississippi Real Estate Transfer Disclosure Requirements, MISS. CODE ANN. §§ 89-1-500 *et seq.*, as these arguments, though rejected by the Court in discussing Defendant's negligent misrepresentation defense, were not explicitly addressed in its order.

2

Defendant argues that the Court's ruling, by focusing on the contractual language, implies that the Mississippi Real Estate Transfer Disclosure Requirements do not apply.  This is incorrect. The Mississippi Real Estate Transfer Disclosure Requirements state that "[i]f any disclosure, or any material amendment of any disclosure, *required to be made by Section 89-1-501 through 89-1-523*, is delivered after the execution of an offer to purchase, the transferee shall have . . . five (5) days after delivery . . . to terminate . . . ."  MISS. CODE ANN. § 89-1-503 (emphasis added).  In his previous motion, Defendant made no attempt to argue that disclosure of the broken pool heater was required under §§ 89-1-501 through 89-1-523, and the Court was not made aware of any authority that would require such a disclosure under the facts of this case even if such an argument had been made.  With no argument before it to the contrary, the Court did not find that this five-day window to terminate applied.  Because this argument was considered and rejected by the Court, it will not be reconsidered now on Defendant's motion.

As the Court finds that there has been no intervening change in the applicable law, no new evidence has been discovered, and no clear error of law has been made, Defendant's Motion for Reconsideration [78] will be **denied**.

## <u>CONCLUSION</u>

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion for Reconsideration [78] is **denied**.

SO ORDERED AND ADJUDGED this the 18th day of July, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE