**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**TIMOTHY M. FARRIS**                                                        **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 2:15-CV-25-KS-MTP**

**DR. BRENT BEVARD**                                                 **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Brent Bevard's Motion *In Limine* [84]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

**I.  BACKGROUND**

This action centers around a Contract for Sale and Purchase of Real Estate, in which Defendant Brent Bevard ("Defendant") entered to buy a house located at 76 Classic Drive, Hattiesburg, Mississippi, owned by Plaintiff Timothy M. Farris ("Plaintiff"). In its Order [76] on June 10, 2016, the Court denied Defendant's Motion for Summary Judgment [54] and granted in part and denied in part Plaintiff's Motion for Summary Judgment [56], finding the Defendant liable on Plaintiff's breach of contract claim and reserving ruling on the remedies issue and on Defendant's counterclaims of tortious interference with a business relationship and abuse of process claims. This matter is currently scheduled for a bench trial beginning on August 1, 2016.[1]

**II.  DISCUSSION**

In his Motion *In Limine* [84], Defendant requests that the Court exclude any witness that was not disclosed to him through the Plaintiff's interrogatory responses on November 17, 2015, and to

---

[1] Due to scheduling conflicts on the Court's docket, this trial date will likely be postponed. The Court shall discuss alternative trial dates with parties at the pretrial conference scheduled for July 21, 2016.

exclude any documents not produced prior to the end of the discovery.  The Court would note that Defendant does not specify which witnesses or documents he wishes to exclude.  He instead invites the Court to issue a blanket exclusion with no further information, which the Court is reluctant to do.

Even if it were inclined to issue such blanket exclusions, the Court does not find Defendant's arguments for exclusion persuasive.  Ordinarily, Plaintiff is given until thirty (30) days before trial to disclose any fact witnesses he will or may call.  Fed. R. Civ. P. 26(a)(3)(B).  Defendant does not argue that Plaintiff did not meet this deadline and has presented no evidence that would lead the Court to believe that this deadline was not met.  Therefore, his motion will be **denied** as to the exclusion of witnesses.

Additionally, though documents not provided through discovery are subject to exclusion, there are instances, such as with new evidence as Plaintiff points out in his response, where those documents should not be excluded.  In such cases, where the new documents are timely disclosed and there is no prejudice to the other party, exclusion is not appropriate.  Again, without the specific documents Defendant seeks to have excluded before it, the Court is not able to make a proper ruling on this issue.  Defendant's motion will therefore be **denied** as to the exclusion of documents as well.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion *In Limine* [84] is **denied**.

SO ORDERED AND ADJUDGED this the 18th day of July, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE